Pisano v Pisano (2025 NY Slip Op 02664)

Pisano v Pisano

2025 NY Slip Op 02664

Decided on May 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025

Before: Moulton, J.P., Friedman, Kapnick, Shulman, O'Neill Levy, JJ. 

Index No. 650528/20|Appeal No. 4262|Case No. 2023-05447|

[*1]Kathleen Pisano by Joyce Henion, as Attorney-In-Fact, Plaintiff-Respondent,
v
Philip Pisano, Defendant-Appellant, The Estate of Paul Pisano, Intervenor.

Vernon & Ginsburg, LLP, New York (Mel B. Ginsburg of counsel), for appellant.
Fox Rothschild LLP, New York (Matthew J. Schenker of counsel), for respondent.

Order Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about October 18, 2023, which, to the extent appealed from as limited by the briefs, granted so much of plaintiff's motion for partial summary judgment as sought to dismiss the counterclaims, unanimously affirmed, with costs.
Plaintiff established prima facie entitlement to summary judgment on the second counterclaim by demonstrating that defendant based his claim to ownership of the corporate shares solely on an unauthenticated, undated stock certificate, and that he had no knowledge of the certificate's provenance or purpose. Moreover, as plaintiff established on her motion, the certificate was rife with irregularities; for example, it bore an "and/or" designation for ownership. Of the two people who might have authenticated the certificate, one denied any recollection of it, and the other deemed it a fraud. In opposition to plaintiff's motion, defendant failed to raise an issue of fact.
Defendant has abandoned his appeal regarding dismissal of the first counterclaim by failing to make any argument as to that counterclaim in his opening brief on appeal (see Llanos v City of New York, 129 AD3d 620, 620 [1st Dept 2015]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 1, 2025